14SL-CC04217

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| LYNDSAY KLEEKAMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NATIONAL COLLEGIATE STUDENT ) | |
| LOAN TRUST 2007-1, ) | |
| ) | |
| Serve registered agent at: ) | |
| Wilmington Trust Company ) | |
| Rodney Square North ) | |
| 1100 North Market Street ) | |
| Wilmington, Delaware 19890 ) | Cause No.: |
| ) | |
| NATIONAL COLLEGIATE STUDENT ) | Division: |
| LOAN TRUST 2007-2, ) | |
| ) | |
| Serve registered agent at: ) | |
| Wilmington Trust Company ) | |
| Rodney Square North ) | Jury Trial Demanded |
| 1100 North Market Street ) | |
| Wilmington, Delaware 19890 ) | |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| ) | |
| Serve registered agent at: ) | |
| The Corporation Trust Company ) | |
| Corporation Trust Center ) | |
| 1209 Orange Street ) | |
| Wilmington, Delaware 19801 ) | |
| ) | |
| PECH, HUGHES & MCDONALD, P.C., ) | |
| ) | |
| Serve registered agent at: ) | |
| Patrick S. Butler ) | |
| 137C South Central ) | |
| Eureka, Missouri 63025 ) | |
| ) | |
| Defendants. ) | |

EXHIBIT 1

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Lyndsay Kleekamp ("Kleekamp") through her counsel of record and for her petition for damages against Defendants The National Collegiate Student Loan Trust 2007-1 ("the 2007-1 Trust"), The National Collegiate Student Loan Trust 2007-2 ("the 2007-2 Trust"), NCO Financial System, Inc. ("NCO") and Pech Hughes & McDonald, P.C. ("Pech") states:

### Parties

1. Kleekamp is an individual who at all times relevant to this petition resided in St. Louis County, Missouri.

2. Kleekamp is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3) because she is allegedly obligated to pay the debts described below.

3. The 2007-1 Trust is a Delaware corporation that regularly and continuously transacts business in the State of Missouri.

4. The 2007-1 Trust is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly collects or attempts to collects debts owed to other parties.

5. The 2007-1 Trust is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because its principal purpose is the collection of debts using mail and telephone.

6. The 2007-2 Trust is a Delaware corporation that regularly and continuously transacts business in the State of Missouri.

2

7. The 2007-2 Trust is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly collects or attempts to collects debts owed to other parties.

8. The 2007-2 Trust is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because its principal purpose is the collection of debts using mail and telephone.

9. NCO is a Delaware corporation that regularly and continuously transacts business in the State of Missouri.

10. NCO is the debt servicing agent that attempts to collect purported debts for the 2007-1 and 2007-2 Trusts. NCO serviced the purported debts for the 2007-1 and 2007-2 Trusts that were the subject of the Trusts' lawsuits against Kleekamp discussed below.

11. NCO is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly collects or attempts to collects debts owed to other parties.

12. NCO is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because its principal purpose is the collection of debts using mail and telephone.

13. Pech is an Iowa professional corporation that is registered and in good standing in the State of Missouri. Pech regularly and continuously transacts business in the State of Missouri.

14. Pech is a collection law firm with offices in Iowa and Missouri.

15. Pech is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly collects or attempts to collects debts owed to other parties.

3

16. Pech is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6) because its principal purpose is the collection of debts using mail and telephone.

**Kleekamp informs AES, SIMM, DSC, Weltman, MRS, NCO and Pech that she did not sign the loan papers or take out the loans.**

17. On or about March 31, 2010, Kleekamp spoke with a representative of American Education Services ("AES") about two loans, one from the 2007-1 Trust and the other from the 2007-2 Trust. Kleekamp advised the representative of AES that she did not take out these loans and did not sign her name on the loan documents. Kleekamp further advised the AES representative that she resided in St. Louis County.

18. Upon information and belief, AES at serviced the loans for the 2007-1 and 2007-2 Trusts in March 2010.

19. Upon information and belief, in April 2010 the 2007-1 and 2007-2 Trusts turned Kleekamp's purported loans over to SIMM Associates, Inc. ("SIMM") to begin collection activities.

20. On or about April 19, 2010, a representative of SIMM called Kleekamp and requested that she pay the 2007-1 and 2007-2 Trust loans. Kleekamp advised the SIMM representative that these were not her loans, that she did not take out these loans and that she did not sign the loan papers.

21. On or about April 21, 2010, a representative of SIMM again called Kleekamp. Kleekamp again advised SIMM that she did not take out these loans.

4

22. Upon information and belief, in October 2010, the 2007-1 and 2007-2 Trusts turned Kleekamp's purported accounts over to Diversified Collection Services ("DSC") to pursue collection activities on the loans.

23. On or about October 19, 2010, DSC contacted Kleekamp and requested that she pay the loans. Kleekamp advised the DSC representative that these were not her loans, that she did not take out the loans and that she did not sign the loan papers.

24. Upon information and belief, in May 2011, the 2007-1 and 2007-2 Trusts turned Kleekamp's account over to Weltman, Weinberg & Reis Co., LPA ("Weltman") to pursue collection activities on the loans.

25. On or about May 19, 2011, Kleekamp received written correspondence from Weltman requesting that she pay the loans. Kleekamp subsequently advised Weltman that these were not her loans, that she did not take out the loans and that she did not sign the loan papers.

26. Upon information and belief, in December 2011, the 2007-1 and 2007-2 Trusts turned Kleekamp's account over to MRS Associates ("MRS") to pursue collection activities on the loans.

27. On or about December 29, 2011, a representative of MRS called Kleekamp and requested that she pay the loans. Kleekamp advised the MRS representative that these were not her loans, that she did not take out the loans and that she did not sign the loan papers.

28. Upon information and belief, in January 2013, the 2007-1 and 2007-2 Trusts turned Kleekamp's account over NCO Financial Systems, Inc. ("NCO") to pursue collection activities on the loan. Kleekamp advised NCO that these were not her loans, that she did not take out the loans and that she did not sign the loan papers.

29. In August 2013, Pech sent a letter to Kleekamp's residence in St. Louis County in an attempt to collect the student loans.

30. On August 17, 2013, Kleekamp advised Pech that she did not take out these were not her loans, that she did not take out the loans and that she did not sign the loan papers.

31. As discussed below, on May 5, 2014, Pech filed suit against Kleekamp on behalf of the 2007-1 and 2007-2 Trusts in the Circuit Court of Franklin County, Missouri.

### Kleekamp's Credit Report

32. In March 2010, Kleekamp's FIA Card Services/Bank of America ("FIA") credit card limit was substantially decreased. Kleekamp proceeded to inquire as to why the decrease occurred.

33. The FIA representative advised Kleekamp to review her credit report.

34. Upon reviewing her credit report, Kleekamp discovered that two student loans with "AES/NCT" were listed on her credit report as past due and owing.

35. Upon information and belief, the loans that appeared on Kleekamp's credit report were the same loans being pursued for collection by the 2007-1 and 2007-2 trusts described in the preceding paragraphs.

36. In February 2012, Kleekamp's credit report showed that the loans were no longer past due and that $0 was owed on both loans.

37. As of December 2014, Kleekamp's credit report shows that the loans are not past due and no money is owed on these loans.

38. The 2007-1 and 2007-2 Trust loans are not owed by Kleekamp. She did not take out the loans and did not sign the loan papers for either loan.

### The Franklin County Lawsuits

39. On May 5, 2014, the 2007-1 and 2007-2 Trusts filed separate lawsuits against Kleekamp pertaining to a purported debt that originated from a student loan ("the suits").

40. The suits were filed by the 2007-1 and 2007-2 Trusts in the Circuit Court of Franklin County, Missouri. The suit filed by the 2007-1 Trust is case number 14AB-AC00878. The suit filed by the 2007-2 Trust is case number 14AB-AC00879.

41. The 2007-1 Trust suit alleges that the Trust is authorized to bring suit that Kleekamp breached the terms of the parties' agreement and that as a result of this breach Kleekamp owes $7,768.34, plus pre-petition interest of $1,325.07, future interest at the statutory interest rate and court costs. The 2007-1 Trust suit also states that the "note provides that Defendant shall pay Plaintiff's reasonable attorney fees . . . ."

7

42. A document identified as "Exhibit A" is attached the 2007-1 Trust suit. Exhibit A purports to be the student loan agreement Kleekamp entered into.

43. Exhibit A identifies the lender of the loan proceeds as "Charter One Bank, N.A."

44. Exhibit A also contains the purported signature of Kleekamp. Kleekamp did not sign Exhibit A and was unaware that another person signed her name on Exhibit A until she discovered the loan was reported to various credit bureaus as discussed above.

45. As discussed above, Kleekamp informed the 2007-1 Trust and/or multiple collection agencies working on its behalf that she did not sign the loan and that somebody else signed the loan in her name.

46. Also attached to the 2007-1 Trust suit is an "Affidavit and Verification of Account" signed by Jonathan Boyd ("Boyd"), an employee of NCO Financial Systems, Inc.

47. The affidavit states that Boyd has "personal knowledge" of the Trust's business records. The affidavit further states in the affidavit that Boyd has been authorized by the Trust to "make this certification on behalf" of the Trust.

48. The affidavit further states that the "lawsuit arose out of an unpaid loan or loans owed by [Kleekamp]," that Kleekamp "entered into an education loan agreement at [her] special instance and request," that the "loan was extended for [Kleekamp] to use pursuant to the terms of the loan agreement" and that Kleekamp refused to pay the balance. The affidavit states Kleekamp owes "the principal sum

of $7,768.34 together with interest in the amount of $1,325.07, totaling the sum of $9,093.41 as of 4/1/2014."

49. Despite Kleekamp's communications with the 2007-1 Trust and various collection outfits (including NCO), the affidavit states that the student loan was entered into at Kleekamp's request and that she owes money to the 2007-1 Trust.

50. Kleekamp was served with the 2007-1 Trust suit papers in May 2014.

51. Kleekamp read and reviewed the 2007-1 Trust suit papers including Exhibit A and the NCO affidavit.

52. The 2007-2 Trust suit alleges that the Trust that it is authorized to bring suit, that Kleekamp breached the terms of the parties' agreement and that as a result of this breach Kleekamp owes $5,828.90, plus pre-petition interest of $994.25, future interest at the statutory interest rate and court costs. The 2007-2 Trust suit also states that the "note provides that Defendant shall pay Plaintiff's reasonable attorney fees . . . ."

53. A document identified as "Exhibit A" is attached the 2007-2 Trust suit. Exhibit A purports to be the student loan agreement Kleekamp entered into.

54. Exhibit A identifies the lender of the loan proceeds as "Charter One Bank, N.A."

55. Exhibit A also contains the purported signature of Kleekamp. Kleekamp did not sign Exhibit A and was unaware that another person signed her name on Exhibit A until she discovered the loan was reported to various credit bureaus as discussed above.

9

56. As discussed above, Kleekamp informed the 2007-2 Trust and/or multiple collection agencies working on its behalf that she did not sign the loan and that somebody else signed the loan in her name.

57. Also attached to the 2007-2 Trust suit is an "Affidavit and Verification of Account" signed by Jonathan Boyd ("Boyd"), an employee of NCO Financial Systems, Inc.

58. The affidavit states that Boyd has "personal knowledge" of the Trust's business records. The affidavit further states in the affidavit that Boyd has been authorized by the Trust to "make this certification on behalf" of the Trust.

59. The affidavit further states that the "lawsuit arose out of an unpaid loan or loans owed by [Kleekamp]," that Kleekamp "entered into an education loan agreement at [her] special instance and request," that the "loan was extended for [Kleekamp] to use pursuant to the terms of the loan agreement" and that Kleekamp refused to pay the balance. The affidavit states Kleekamp owes "the principal sum of $5,828.90 together with interest in the amount of $994.25, totaling the sum of $6,823.15 as of 4/1/2014."

60. Despite Kleekamp's communications with the 2007-2 Trust and various collection outfits (including NCO), the affidavit states that the student loan was entered into at Kleekamp's request and that she owes money to the 2007-2 Trust.

61. Kleekamp was served with the 2007-2 Trust suit papers in May 2014.

62. Kleekamp read and reviewed the 2007-2 Trust suit papers including Exhibit A and the NCO affidavit.

10

63. The first Court date for the 2007-1 and 2007-2 Trust suits was scheduled on June 2, 2014.

64. Kleekamp travelled from St. Louis County to appear in the Circuit Court of Franklin County on the 2007-1 and 2007-2 Trust suits. She requested the cases be continued, and the cases were continued to July 7, 2014.

65. On or about June 20, 2014, Pech sent Kleekamp a packet of written discovery on behalf of the 2007-1 Trust. The discovery included requests for admissions, interrogatories and requests for production of documents.

66. Kleekamp subsequently retained counsel to represent her in the 2007-1 and 2007-2 trust suits. Her counsel entered his appearance on both cases.

67. Kleekamp's counsel drafted and submitted objections and responses to the 2007-1 Trust's interrogatories and requests for admissions.

68. Kleekamp's counsel subsequently filed a motion for leave to file a counterclaim in the 2007-1 and 2007-2 Trust cases. The motions were noticed for hearing on July 7, 2014.

69. Kleekamp's counsel appeared in Franklin County on July 7, 2014 to argue both motions for leave to file a counterclaim. Upon the motions being called for hearing, counsel for Pech on behalf of the 2007-1 and 2007-2 Trusts dismissed both cases against Kleekamp without prejudice.

### Count I - Violations of the FDCPA 15 U.S.C. §1692 *et seq.* against the 2007-1 Trust

70. Kleekamp incorporates the allegations of the previous paragraphs as if fully stated in this count.

71. The 2007-1 Trust violated the FDCPA, 15 U.S.C. §1692e(2)(A) by falsely representing to Kleekamp the character, amount and legal status of the loan that was the subject of its suit.

72. The 2007-1 Trust violated the FDCPA, 15 U.S.C. §1692e(10) by using false and deceptive means to collect the loan that was the subject of its suit against Kleekamp.

73. The 2007-1 Trust violated the FDCPA, 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debts from Kleekamp.

74. The 2007-1 Trust violated the FDCPA, 15 U.S.C. §1692f(1) by attempting to collect amounts from Kleekamp in its suit that were not authorized by any agreement between the parties.

75. As a result of the Trust's violations of the FDCPA, Kleekamp is entitled to collect actual damages, $1,000.00 in statutory penalties from the Trust, her reasonable attorney's fees and costs. 15 U.S.C. §1692k(a).

WHEREFORE Plaintiff Lyndsay Kleekamp requests that this Court enter Judgment against the 2007-1 Trust awarding her actual damages, $1,000.00 in statutory penalties, reasonable attorney's fees, court costs and for all other relief that this Court deems just and appropriate.

### Count II - Violations of the FDCPA 15 U.S.C. §1692 *et seq.* against the 2007-2 Trust

76. Kleekamp incorporates the allegations of the previous paragraphs as if fully stated in this count.

77. The 2007-2 Trust violated the FDCPA, 15 U.S.C. §1692e(2)(A) by falsely representing to Kleekamp the character, amount and legal status of the loan that was the subject of its suit.

78. The 2007-2 Trust violated the FDCPA, 15 U.S.C. §1692e(10) by using false and deceptive means to collect the loan that was the subject of its suit against Kleekamp.

79. The 2007-2 Trust violated the FDCPA, 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debts from Kleekamp.

80. The Trust violated the FDCPA, 15 U.S.C. §1692f(1) by attempting to collect amounts from Kleekamp in its suit that were not authorized by any agreement.

81. As a result of the Trust's violations of the FDCPA, Kleekamp is entitled to collect actual damages, $1,000.00 in statutory penalties from the Trust, her reasonable attorney's fees and costs. 15 U.S.C. §1692k(a).

WHEREFORE Plaintiff Lyndsay Kleekamp requests that this Court enter Judgment against the 2007-2 Trust awarding her actual damages, $1,000.00 in statutory penalties, reasonable attorney's fees, court costs and for all other relief that this Court deems just and appropriate.

### Count III - Violations of the FDCPA 15 U.S.C. §1692 *et seq.* against NCO

82. Kleekamp incorporates the allegations of the previous paragraphs as if fully stated in this count.

83. NCO violated the FDCPA, 15 U.S.C. §1692e(2)(A) by falsely representing to Kleekamp the character, amount and legal status of the loan that was the subject of its suit.

84. NCO violated the FDCPA, 15 U.S.C. §1692e(10) by using false and deceptive means to collect the loan that was the subject of its suit against Kleekamp.

85. NCO violated the FDCPA, 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debts from Kleekamp.

86. NCO violated the FDCPA, 15 U.S.C. §1692f(1) by using the affidavits in the suits in an attempt to collect amounts from Kleekamp that were not authorized by any agreement.

87. As a result of the Trust's violations of the FDCPA, Kleekamp is entitled to collect actual damages, $1,000.00 in statutory penalties from NCO, her reasonable attorney's fees and costs. 15 U.S.C. §1692k(a).

WHEREFORE Plaintiff Lyndsay Kleekamp requests that this Court enter Judgment against NCO awarding her actual damages, $1,000.00 in statutory penalties, reasonable attorney's fees, court costs and for all other relief that this Court deems just and appropriate.

### Count IV - Violations of the FDCPA 15 U.S.C. §1692 *et seq.* against Pech

88. Kleekamp incorporates the allegations of the previous paragraphs as if fully stated in this count

14

89. Pech violated the FDCPA, 15 U.S.C. §1692e(2)(A) by falsely representing to Kleekamp the character, amount and legal status of the loan that was the subject of the suits filed by Pech.

90. Pech violated the FDCPA, 15 U.S.C. §1692e(10) by using false and deceptive means to collect the loan that was the subject of the suits filed by Pech against Kleekamp.

91. Pech violated the FDCPA, 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debts from Kleekamp.

92. Pech violated the FDCPA, 15 U.S.C. §1692f(1) by attempting to collect amounts from Kleekamp that were not authorized by any agreement.

93. Pech violated the FDCPA, 15 U.S.C. §1692i(a)(2) by filing the suits against Kleekamp in Franklin County, Missouri when she resided and was served with the suits in St. Louis, County. Moreover, Kleekamp did not sign the loan papers referred to in the suits.

94. As a result of the Trust's violations of the FDCPA, Kleekamp is entitled to collect actual damages, $1,000.00 in statutory penalties from Pech, her reasonable attorney's fees and costs. 15 U.S.C. §1692k(a).

WHEREFORE Plaintiff Lyndsay Kleekamp requests that this Court enter Judgment against Pech awarding her actual damages, $1,000.00 in statutory penalties, reasonable attorney's fees, court costs and for all other relief that this Court deems just and appropriate.

BUTSCH ROBERTS & ASSOCIATES LLC

By: /s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Counsel for Lyndsay Kleekamp